IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bradley Marshall, | ) | Case No. 2:20-2993-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Ninth Circuit Solicitor's Office; South Carolina Law Enforcement Division; Scarlett A. Wilson; Gregory Voight; R. Kelly, Special Agent; John Does 1-10; Charles Ghent; Brian Bolchaz; Julie Thames; Leslie Coggiola; and Deborah McKeown, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant the motion of Defendants Thames, Coggiola, and McKeown (hereafter referred to collectively as "Moving Defendants") to dismiss this action against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 153). Plaintiff has filed objections to the R&R and Moving Defendants have filed a reply. (Dkt. Nos. 164, 170). The Court adopts the R&R of the Magistrate Judge as the order of the Court, as supplemented by the Court's reasoning set forth herein.

**I.     Legal Standards**

    **A.  Rule 12(b)(6) Motion to Dismiss**

    A moving party is entitled to a motion to dismiss if the plaintiff's complaint "fails to state a claim upon which relief may be granted." In considering a motion to dismiss, the Court must accept the complaint's "well pleaded allegations as true and view the complaint in a light most favorable to the non-moving party." *Mylan Laboratories, Inc. v. Matkari*, 7 F. 3d 1130, 1134 (4th

Cir. 1993). The Court need not accept "legal conclusions drawn from facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

### B. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff filed objections to the R&R, it is reviewed de novo.

## II.  Discussion

This action was brought by Plaintiff, who was disbarred by the Washington State Supreme Court in 2009 and subsequently began appearing in various administrative proceedings in South Carolina on behalf of clients. Plaintiff's participation in proceedings in South Carolina led to a prosecution by the Ninth Circuit Solicitor's Office and a finding by the South Carolina Supreme Court that Plaintiff was engaged in the unauthorized practice of law. (Dkt. No. 45-1).

Plaintiff subsequently initiated this action claiming a deprivation of his rights under 42 U.S.C. § 1983 against various prosecutors, law enforcement officers, and attorneys employed by the South Carolina Commission on Lawyer Conduct (hereafter the "Commission") involved in addressing his unauthorized practice of law. For purposes of this motion to dismiss, the Court is concerned only with the claims against three employees of the Commission, Defendants Thames, McKeown and Coggiola. Defendant Thames served as Assistant Disciplinary Counsel of the

Office of Disciplinary Counsel (hereafter "ODC"), Defendant Coggiola served as Disciplinary Counsel and Director of the ODC, and Defendant McKeown served as Commission Counsel for the Office of Commission Counsel.  (Dkt. No. 134 at 2).  Attorneys for the ODC receive complaints, conduct investigations, make recommendations to an investigative panel of the Commission, and, where appropriate, refer matters to other agencies.  Commission Counsel advises the panel during deliberations and drafts proposed orders and reports.  South Carolina Appellate Court Rule 413, Rules for Lawyer Disciplinary Enforcement (hereafter "Disciplinary Rules"), Rules 5(b), 6.  In sum, attorneys working on behalf of the ODC and the Commission play a central role in the State's attorney disciplinary proceedings.

Plaintiff alleges that the Moving Defendants were acting under color of state law and used their "investigative powers" to violate his federally protected rights under 42 U.S.C. § 1983, which he characterized as "objectively unreasonable and conscience shocking malicious prosecution." (Dkt. No. 74 at 3, 13).   The Complaint goes no further to describe the alleged specific acts of misconduct by the Moving Defendants in performance of their duties on behalf of the Commission and ODC.

Plaintiff attempts to characterize the Moving Defendants' alleged actions as "investigative," seeking to fall within an exception to absolute prosecutorial immunity where the prosecutor is performing work as an "investigative officer" rather than an advocate in a judicial proceeding, as set forth in *Burns v. Reed*, 500 U.S. 478, 491-95 (1991).  Plaintiff's argument, essentially that any "investigative" activity by bar disciplinary staff falls outside of absolute immunity, overreads *Burns*.  The court in *Burns* addressed the situation where prosecutors were giving "legal advice to police officers" and actively engaged in the investigation of crime, which the court found fell outside the common law role of prosecutors in the United States of presenting

and prosecuting criminal offenses. The Supreme Court concluded that "absolute prosecutorial immunity" was appropriate only "for actions that are connected with the prosecutor's role in judicial proceedings . . . ." *Id*. at 492-94.

While the *Burns* court found that providing "legal advice to police officers" and conducting investigations fall outside the traditional role of prosecutors, this is not true for the role of legal counsel for bar disciplinary counsel such as the Moving Defendants. Bar disciplinary proceedings are judicial in nature and disciplinary counsel perform core functions within that system while engaged in both the investigation and prosecution of attorney misconduct. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 479 (1983); *Hunter v. Virginia State Bar*, 786 F. Supp. 2d 1107, 1113 (E.D. Va. 2011). Consequently, courts within this District have held that disciplinary counsel enjoy absolute quasi-judicial immunity in the performance of their duties. *See Kimner v. South Carolina*, 2022 WL 465071 at *3 (D.S.C. 2022), *adopted* 2022 WL 463380 (D.S.C. 2022); *Couram v. S.C. Dep't of Motor Vehicles*, 2016 WL 4204070 at *3 (D.S.C. 2016); *Whitner v. Coggiola*, 2012 WL 4051121 at *4 (D.S.C. 2012), *adopted* 2012 WL 4051185 at *3 (D.S.C. 2012), *aff'd* 508 Fed. Appx. 195 (4th Cir. 2013); *see also Hirsh v. Justices of Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995); *Simons v. Bellinger*, 643 F.2d 774, 775 (D.C. Cir. 1980); *Hunter v. Virginia State Bar*, 786 F.Supp.2d 1107, 1112 (E.D. Va. 2011).

Moving Defendants further note that Commission Counsel and Disciplinary Counsel are granted under South Carolina Supreme Court rules "absolute immunity from civil suit for all conduct in the course of their official duties." *See* Disciplinary Rule 13. While the grant of absolute immunity under South Carolina Supreme Court Rules to bar disciplinary staff is not binding on this Court for claims arising under federal statutory and constitutional law, it is certainly appropriate to consider this standard in weighing a claim of absolute immunity for bar disciplinary

officials under federal law.  This is particularly true where bar disciplinary counsel play a critical role in the State's quasi-judicial proceedings involving lawyer discipline.

Plaintiff asserts in his objections to the Magistrate Judge's R&R that Moving Defendants were acting outside their authority to participate in any proceedings involving Plaintiff's unauthorized practice of law because, as a "nonlawyer" in South Carolina, the Supreme Court's attorney discipline processes had no jurisdiction over his conduct.  (Dkt. No. 164 at 9).  Moving Defendants correctly note in reply that among the duties of Disciplinary Counsel include the receiving and screening of complaints, conducting investigations, and, where appropriate, referring complaints to other agencies.  (Dkt. No. 170 at 2).  *See also*, Disciplinary Rule 5(b)(1).

Based on the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 153) as the order of the Court, as further supplemented by this order.  The Moving Defendants' motion to dismiss (Dkt. No. 134) is **GRANTED** and Defendants Thames, Coggiola, and McKeown are **DISMISSED** from this action **WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 15, 2022
Charleston, South Carolina